UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS FELIPE VIVES,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF THE ICE DETENTION CENTER, *et al.*,<br><br>Defendants. | Case No.:  1:26-cv-00895-JLT-CDB<br><br>ORDER DIRECTING FILING OF SIGNED PETITION AND RESPONSE FROM NON-PARTY VERONICA YESENIA MADRIGAL GUIZAR<br><br>(Doc. 1)<br><br>ORDER DIRECTING RESPONSE FROM RESPONDENTS<br><br>**21-DAY DEADLINE** |

Non-party Veronica Yesenia Madrigal Guizar initiated this action with the filing of a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on behalf of her spouse, Angel De Jesus Felipe Vives, on February 4, 2026.  (Doc. 1).  Ms. Madrigal Guizar represents that her husband is currently detained by Immigration and Customs Enforcement ("ICE") at Mesa Verde Detention Facility in Bakersfield, California.  *See id.*  Defendants are the unnamed Director of the ICE Detention Center and the unnamed Director of the ICE Regional Office.  *Id.* at 1.

**Discussion**

**A.  Lack of Signature**

The Court notes that the petition is unsigned.  *See* (Doc. 1).  Under the Federal Rules of Civil Procedure, every pleading must be signed either by an attorney or a party if the party is

unrepresented.  Fed. R. Civ. P. 11(a).  Similarly, this Court's Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona."  Local Rule 131(b).  The Local Rules define a signature as a handwritten signature on a paper document or an electronic signature on an electronically-filed document.  Local Rule 100.  This Court must strike an unsigned pleading unless the deficiency is promptly corrected after notice to the party.  Fed. R. Civ. P. 11(a).

Thus, as the petition is unsigned, the Court must strike it unless the deficiency is corrected.  Accordingly, the Court will direct Ms. Madrigal Guizar to file a signed copy of the petition.

**B.  Next Friend Standing**

A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  A person acting on behalf of the individual for whom the petition is filed is known as a "next friend." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  *Id.*  The person seeking to proceed as a "next friend" on behalf of another must meet two prerequisites: (1) the "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," as well as "have some significant relationship with the real party in interest."  *Id.* at 163-64 (citations omitted).  "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court."  *Id.* at 164.

Here, Ms. Madrigal Guizar filed the petition on behalf of her husband who is currently detained by ICE.  Ms. Madrigal Guizar satisfies the second prerequisite to act as a "next friend" for Mr. Felipe Vives, in that she is his spouse and has filed documentation in support of habeas relief on his behalf.  *See* (Doc. 1).  However, Ms. Madrigal Guizar does not set forth why the first prerequisite is met, in that the petition does not explain why Mr. Felipe Vives could not himself file the petition.  Ms. Madrigal Guizar does not set forth that Mr. Felipe Vives is inaccessible or

mentally incompetent, or that he possesses some other disability making it so that he cannot appear on his own.

Thus, the Court will direct Ms. Madrigal Guizar to file a response setting forth facts as to why the first prerequisite is met for her to proceed as "next friend" for Mr. Felipe Vives. *See Iza by Iza v. Larocco*, -- F. Supp. 3d --, 2026 WL 31378, at *8 (E.D.N.Y. Jan. 5, 2026) (finding prerequisites met where "next friend" was the mother of the individual detained by ICE and the petition set forth that her son could not file the petition himself because he "was not provided an opportunity to call counsel," nor "information on relief available or challenges he could make," nor "provided with access to a law library or any means that would allow him to prepare [a petition]," was not "allowed to call any nonprofit nor have any opportunity to seek representation," and was being transferred from facility to facility).

Furthermore, the Court will direct Respondents to file a response to the petition in which they address Petitioner's claims, and separately, set forth facts regarding the status of Mr. Felipe Vives and their position regarding the "next friend" status for Ms. Madrigal Guizar.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. **No later than February 27, 2026**, Ms. Madrigal Guizar SHALL file a signed copy of the petition.

2. **No later than February 27, 2026**, Ms. Madrigal Guizar SHALL file a response setting forth facts as to why the prerequisites are met for her to proceed as "next friend" for Mr. Felipe Vives and, in particular, whether Mr. Felipe Vives is inaccessible or mentally incompetent, or experiences some other disability making it so that he cannot appear on his own.

3. **No later than February 27, 2026**, Respondents SHALL file a response to the petition setting forth facts regarding the status of Mr. Felipe Vives and their position regarding the "next friend" status of Ms. Madrigal Guizar.  Respondents SHALL include with the response any and all transcripts or other documents, including documents from Petitioner's A-File (such as notices to appear and orders relating to any release of Petitioner by

DHS/ICE) relevant to the resolution of the issues presented in the petition.  Habeas Rule 5

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(g).  All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated:    **February 6, 2026**

_____

UNITED STATES MAGISTRATE JUDGE