UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS FELIPE VIVES,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF THE ICE DETENTION CENTER, *et al.*,<br><br>Defendants. | No.: 1:26-cv-00895-JLT-CDB<br><br>ORDER DIRECTING NON-PARTY VERONICA YESENIA MADRIGAL GUIZAR TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY THE COURT'S ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. 5)<br><br>**14-DAY DEADLINE** |

Non-party Veronica Yesenia Madrigal Guizar initiated this action with the filing of a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on behalf of her spouse, Angel De Jesus Felipe Vives, on February 4, 2026. (Doc. 1). Ms. Madrigal Guizar represents that her husband is currently detained by Immigration and Customs Enforcement ("ICE") at Mesa Verde Detention Facility in Bakersfield, California. *See id.* On February 6, 2026, the Court, noting the petition was unsigned, directed Ms. Madrigal Guizar to file a signed petition. Additionally, the Court directed Ms. Madrigal Guizar to file a response setting forth facts establishing that she met the prerequisites to proceed as "next friend" for Mr. Felipe Vives. *See* (Doc. 5).

**Discussion**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to "secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To

effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."). Similarly, the Local Rules of the Eastern District of California provide that failure to comply with the Local Rules or the Court's orders "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.

Here, Ms. Madrigal Guizar has failed to file either a signed petition or a response setting forth how she meets the prerequisites to proceed as "next friend" for Mr. Felipe Vives, and the deadline set by the Court in which to do so has expired.

**Conclusion and Order**

In light of non-party Ms. Madrigal Guizar's failure to file a signed petition and to respond to the Court's order directing the filing of a response, IT IS HEREBY ORDERED that Ms. Madrigal Guizar shall show cause in writing **within 14 days** of entry of this order why this action should not be dismissed. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey the Court's orders and failure to prosecute.**

IT IS SO ORDERED.

Dated: __**March 3, 2026**__          _____
                                        UNITED STATES MAGISTRATE JUDGE