UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS FELIPE VIVES,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR OF THE ICE DETENTION CENTER, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-00895-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR NON-PARTY VERONICA YESENIA MADRIGAL GUIZAR'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS (A-Number 244 116 182)<br><br>(Docs. 5, 8)<br><br>**14-DAY DEADLINE** |

**Background**

Non-party Veronica Yesenia Madrigal Guizar initiated this action with the filing of a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on behalf of her spouse, Angel De Jesus Felipe Vives, on February 4, 2026.  (Doc. 1).  Ms. Madrigal Guizar represents that her husband is currently detained by Immigration and Customs Enforcement ("ICE") at Mesa Verde Detention Facility in Bakersfield, California. *See id.*  On February 6, 2026, the Court, noting the petition was unsigned, directed Ms. Madrigal Guizar to file a signed petition.  Additionally, the Court directed Ms. Madrigal Guizar to file a response setting forth facts establishing that she met the prerequisites to proceed as "next friend" for Mr. Felipe Vives. *See* (Doc. 5).

Upon Ms. Madrigal Guizar's failure to file a signed petition and respond to the Court's

order directing the filing of a response, the undersigned issued an order directing Ms. Madrigal Guizar to show cause in writing why this action should not be dismissed, requiring Plaintiff to respond within 14 days of entry of the order. (Doc. 8). The order advised Ms. Madrigal Guizar that "**[f]ailure to comply with this order will result in a recommendation that this action be dismissed for a failure to obey the Court's orders and failure to prosecute**." *Id.* at 2 (emphasis in original). As of the date of these findings and recommendations, Ms. Madrigal Guizar has not filed a response and the time to do so has expired.

### Governing Legal Standards

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to "secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Local Rules of this Court, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2)

the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the petitioner fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226.

**Discussion**

Here, Ms. Madrigal Guizar has failed to file a signed petition and respond to the Court's orders. *See* (Docs. 1, 5, 8).

First, under the Federal Rules of Civil Procedure, every pleading must be signed either by an attorney or a party if the party is unrepresented. Fed. R. Civ. P. 11(a). Similarly, this Court's Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona." Local Rule 131(b). The Local Rules define a signature as a handwritten signature on a paper document or an electronic signature on an electronically-filed document. Local Rule 100. This Court must strike an unsigned pleading unless the deficiency is promptly corrected after notice to the party. Fed. R. Civ. P. 11(a). Ms. Madrigal Guizar has failed to correct her deficient petition despite notice.

3

Second, Ms. Madrigal Guizar has failed to comply with the Court's order and Local Rules and, as Ms. Madrigal Guizar is a non-party proceeding pro se, there are no other reasonable alternatives available to address her failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440. The third factor, risk of prejudice to Respondents, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Ms. Madrigal Guizar's participation. The presumption of injury holds given the unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Respondents—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Ms. Madrigal Guizar has not moved this case forward toward disposition on the merits. Rather, her failure to comply with this Court's orders and Local Rules prevents the action from progressing given her failure to provide a signed petition and set forth facts regarding the prerequisites to proceed under "next friend" status for Mr. Felipe Vives. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440. Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, as discussed above, the Court's order cautioned Ms. Madrigal Guizar that failure to comply would result in a recommendation that the action be dismissed. (Doc. 8 at 2).

**Conclusion and Recommendation**

For the foregoing reasons, IT IS RECOMMENDED as follows:

1.    The Court DISMISS this action without prejudice for Ms. Madrigal Guizar's failure to prosecute this action and to comply with the Court's orders (*see* Local Rule 110); and

2.      The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **March 31, 2026**

UNITED STATES MAGISTRATE JUDGE